ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
KYRA GODDARD
Assistant U.S. Attorney
Arizona State Bar No. 026281
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Kyra.Goddard@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, <br><br> Plaintiff, <br><br> v. <br><br> Francisco Jimenez-Munoz, <br><br> Defendant. | Mag. No. 18-7186MJ <br><br> **PLEA AGREEMENT** |

The United States of America and the defendant hereby agree to the following disposition of this matter:

### PLEA

The defendant will plead guilty to Count 2 of the Complaint charging the defendant with a violation of 8 U.S.C. § 1325(a)(2), Alien Eluding the Examination and Inspection of Immigration Officers of the United States, a class B misdemeanor offense.

**1. MAXIMUM PENALTIES**

A violation of 8 U.S.C. § 1325(a)(2) is punishable by a maximum fine of $5,000.00, a maximum term of imprisonment of 6 months, or both.

Pursuant to 18 U.S.C. § 3013(a)(1)(A)(ii), the Court is required to order the defendant to pay a $10 special assessment.

**2. AGREEMENTS REGARDING SENTENCING**

a. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate and agree that the sentence imposed upon the defendant shall be 30 days of imprisonment, or time served, whichever is greater.

b. The United States will dismiss Count 1 of the Complaint, Illegal Re-Entry After Deportation, a felony, in violation of Title 8, United States Code, Section 1326(a). This charge, if proven, carries a maximum sentence of two years of imprisonment, $250,000 fine, one year of supervised release, and a $100 special assessment. The United States will dismiss this charge at the time of sentencing.

c. Waiver of Presentence Investigation Report. The United States and the defendant waive a presentence investigation report and agree that sentencing may occur on the day of the change of plea.

3. **COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

If the Court, after reviewing this plea agreement, concludes that any provision is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge, and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, or defenses based upon the Statute of Limitations, the Speedy Trial Act or constitutional restrictions in bringing of the later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding pursuant to the limitations of Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410.

4. **WAIVER OF DEFENSES AND APPEAL RIGHTS**

The defendant waives: (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or

information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

5. **PERJURY AND OTHER OFFENSES**

Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, obstruction of justice, or any other offense committed by the defendant after the date of this agreement. Any information, statements, documents, or evidence the defendant provides to the United States pursuant to this agreement, or to the Court, may be used against the defendant in all such prosecutions.

6. **EFFECT ON OTHER PROCEEDINGS**

This agreement does not preclude the United States from instituting any civil or administrative proceedings as may be appropriate now or in the future.

**DEFENDANT'S APPROVAL AND ACCEPTANCE**

I have read the entire plea agreement with the assistance of counsel and understand each of its provisions.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my rights to plead not guilty; to have a trial; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself

by asserting my privilege against self-incrimination; and to be presumed innocent until proven guilty beyond a reasonable doubt, all with the assistance of counsel.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part and I agree to be bound according to its provisions.

I agree that this written plea agreement contains all the terms and conditions of my plea. I further agree that promises made by anyone (including my attorney) that are not contained within this written plea agreement are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

## ELEMENTS

### Eluding Examination By Alien

1. The defendant is an alien;

2. The defendant knowingly eluded examination and inspection by immigration officials of the United States and voluntarily entered the United States at a time and place other than as designated; and

3. The defendant was found in the District of Arizona.

## FACTUAL BASIS

I further admit the following facts are true and if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

I am not a citizen or national of the United States. I was voluntarily present and found in the United States at or near Casa Grande, in the District of Arizona on May 15, 2018. On or before May 15, 2018, I knowingly entered the United States at a time and place other than as designated by immigration officials of the United States, and since then have thereby eluded the examination and inspection of Immigration Officers.

I have read this agreement or it has been read to me in Spanish, and I have carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it.

May 23, 2018
Date

FRANCISCO JIMENEZ-MUNOZ
Defendant

**DEFENSE ATTORNEY'S APPROVAL**

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations that are not contained in this written agreement have been given to me or to the defendant by the United States or any of its representatives. I have concluded that the entry of the plea as indicated above on the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

I translated or caused to be translated this agreement from English into Spanish to the defendant on the ___18th___ day of ___May___, ___2018___.

May 23, 2018
Date

ANA LAURA BOTELLO
Attorney for Defendant

**UNITED STATES' APPROVAL**

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

_5/23/18_  _[signature]_
Date         KYRA GODDARD
             Assistant U.S. Attorney

**COURT'S ACCEPTANCE**

_5/23/2018_  _[signature]_
Date          United States Magistrate Judge